UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTURO MARTINEZ SANTIAGO,<br>Petitioner,<br>v.<br>WARDEN, CENTRAL VALLEY ANNEX DETENTION FACILITY,[1]<br>Respondent. | Case No. 1:26-cv-8276-DAD-JDP<br><br>ORDER; FINDINGS AND RECOMMENDATIONS |

Petitioner was admitted to the United States in 2018 on a visa as a temporary agricultural worker. ICE detained him on October 5, 2026. Petitioner seeks a writ of habeas corpus under 28 U.S.C. § 2241. For the following reasons, I recommend that the petition be granted and that petitioner be immediately released.

**Background**

In November 2018, immigration authorities admitted petitioner to the United States with a temporary agricultural worker visa. ECF No. 1 at 12; ECF No. 6-1 at 2. That visa expired on April 10, 2019, but petitioner stayed in the United States. ECF No. 6-1 at 2. During that time, petitioner worked to support his family, including his U.S. citizen daughter born in December

[1] Petitioner is currently in custody at the Central Valley Annex Detention Facility. *See* ECF No. 9 at 10; ICE Online Detainee Locator, https://locator.ice.gov/odls/#/search (last checked Nov. 5, 2026). Accordingly, the warden at this facility is automatically substituted under Federal Rule of Civil Procedure 25(d). I will direct the Clerk of Court to update the docket.

2024. ECF No. 1 at 17. Petitioner has no criminal history. ECF No. 6-1 at 2.

On October 5, 2026, immigration officers took petitioner into custody. *Id.* No warrant has been submitted, and there is no indication that ICE conducted a custody determination, which would have provided petitioner notice that he could request a custody redetermination hearing before an immigration judge. ICE issued petitioner a notice to appear in immigration court. ECF No. 6-1 at 4. Petitioner has not received a bond hearing. *See* ECF No. 6.

**Legal Standard**

A federal court may grant habeas relief when a petitioner shows that his custody violates federal law. 28 U.S.C. §§ 2241(a), (c)(3), 2254(a); *Williams v. Taylor*, 529 U.S. 362, 374-75 (2000). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

**Analysis**

Petitioner challenges his detention by ICE and his custody since that arrest.[2] ECF No. 1. Respondent argues that petitioner is being detained under section 1226(a) and is entitled to a bond hearing in immigration court, but that he "seemingly has yet to request a bond hearing." ECF No. 6 at 2. Respondent argues that petitioner's failure to request a bond hearing means that he has not exhausted his administrative remedies. *Id.*

The court has previously held that noncitizens admitted to the United States pursuant to a visa but not detained within a reasonable time after the expiration of their lawful status develop a

[2] Petitioner's pro se filing is entitled to liberal construction. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *see also Charan S. v. Warden of the Cal. City Det. Facility*, No. 1:26-cv-3017-TLN-JDP, 2026 WL 1144158, at *1 n.1 (E.D. Cal. Apr. 28, 2026) (applying liberal construction to pro se immigration habeas filing).

vested liberty interest in remaining free from detention, such that due process forbids the government from detaining them without adequate notice and a pre-deprivation hearing before a neutral arbiter at which bond must be considered. *See Oliveira Tinoco v. Albarran*, No. 1:26-cv-5505-DC-CKD, 2026 WL 2949219, at *5-7 (E.D. Cal. Oct. 1, 2026) (granting motion for temporary restraining order and petition for a writ of habeas corpus on due process grounds, and ordering that the petitioner who had overstayed her visa be returned to the status quo ante litem); *Kaur v. Chestnut*, No. 1:26-cv-5349-DC-CSK, 2026 WL 2790742, at *1 (E.D. Cal. Sept. 17, 2026) (adopting findings and recommendations, granting petition for a writ of habeas corpus on due process grounds, and ordering that the petitioner who had overstayed their visa be released immediately); *Zhou v. Warden, Cal. City Immigr. Processing Ctr.*, No. 1:26-cv-5774-DC-CSK, 2026 WL 2825584, at *1 (E.D. Cal. Sept. 21, 2026) (same); *Duran A.H. v. Warden of the Cent. Valley Annex Det. Facility*, No. 1:26-cv-7074-TLN-SCR, 2026 WL 2731293 (E.D. Cal. Sept. 16, 2026); *G.C. v. Andrews*, No. 1:26-cv-0874-TLN-SCR, 2026 WL 2334141, at *1 (E.D. Cal. Aug. 12, 2026); *G.E. v. Warden of California City Corr. Ctr.*, No. 1:26-cv4311-TLN-JDP, 2026 WL 1733703, at *3 (E.D. Cal. June 16, 2026); *Kalkan v. Chestnut*, No. 1:26-cv-2026-DAD-EFB, 2026 WL 788112 (E.D. Cal Mar. 20, 2026); *Torrealba Carrasquel v. Warden, California City Immigr. Processing Ctr.*, No. 1:26-cv-6867-DAD-JDP, 2026 WL 2621102 (E.D. Cal. Sept. 4, 2026).

For the reasons set forth in those cases, I find that petitioner developed a vested liberty interest in remaining free from detention during the almost eight years since he entered the United States on an agricultural worker visa.[3] That liberty interest "could not be revoked absent notice

---

[3] For this reason, I reject respondent's exhaustion argument. Section 2241 does not require exhaustion of administrative remedies prior to filing a habeas petition. *Compare* 28 U.S.C. § 2241 *with* 28 U.S.C. § 2254(b)(1)(A) (requiring exhaustion of state court remedies). Accordingly, "[t]he exhaustion requirement is prudential, rather than jurisdictional, for habeas claims." *Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017). To decide whether exhaustion is required, courts consider the *Puga* factors, evaluating whether: (1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review. *Id.* (quoting *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007)). The exhaustion requirement may be waived if "administrative remedies are

and a pre-deprivation hearing before a neutral arbiter." *Olivera Tinoco*, 2026 WL 2949219, at *4.

Petitioner was not provided any pre-deprivation process. Respondent has not submitted a warrant, which is required to arrest a noncitizen under 8 U.S.C. § 1226(a). Further, there is no indication that ICE provided petitioner a custody determination, which is required for section 1226(a) arrests without a warrant.[4] *See* 8 C.F.R. § 287.3(d) (requiring an initial custody determination and a post-hoc warrant within 48 hours). Accordingly, petitioner has not received the process he is entitled to under the controlling statute, 8 U.S.C. § 1226(a), or the due process clause.

The Supreme Court has recognized that "[h]abeas is at its core a remedy for unlawful executive detention," and the "typical remedy for such detention is, of course, release." *Munaf v. Geren*, 553 U.S. 674, 693 (2008); *see also Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 107 (2020) ("Habeas has traditionally been a means to secure *release* from unlawful detention."). Here, I find that the "typical remedy" of release is appropriate because the government has not provided a lawful justification for petitioner's detention. *See Munaf*, 553 U.S. at 693. Respondent has not provided any evidence or argument suggesting that petitioner is a danger to the community or a flight risk and concedes that petitioner has no criminal history. *See* ECF No. 6 at 1. Moreover, respondent "cannot reasonably assert that the public and government will be harmed in any legally cognizable sense by being enjoined from violating [p]etitioner's due process rights." *See Pineda v. Chestnut*, No. 1:25-cv-1970-DC-JDP, 2026 WL 25510, at *6 (E.D. Cal. Jan. 5, 2026) (citing *Zepeda v. U.S. Immigr. & Nat. Serv.*, 753 F.2d 719, 727 (9th Cir. 1983)). Under these circumstances, I find that the "typical remedy" of release is

---

inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void." *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004). "[A]n exception to the exhaustion requirement has been carved for constitutional challenges to the Immigration and Naturalization Act and [ICE] procedures because the BIA does not have jurisdiction to determine the constitutionality of the statutes it administers." *Sola v. Holder*, 720 F.3d 1134, 1135 (9th Cir. 2013) (cleaned up); *see also Matter of Fede*, 20 I. & N. Dec. 35 (BIA 1989) (explaining why neither an immigration judge nor the BIA have the legal authority to consider constitutional challenges to the immigration regulations they administer).

[4] There is no Form I-286, DHS custody determination form, in the record. That form notifies a noncitizen of the right to seek a custody redetermination from an immigration judge.

appropriate. *See Munaf*, 553 U.S. at 693.

**Conclusion**

Accordingly, it is hereby ORDERED that the Clerk of Court update the docket to reflect that petitioner is currently in custody at Central Valley Annex Detention Facility. *See* ECF No. 9 at 10; *see also* Fed. R. Civ. P. 25(d)..

Further, it is hereby RECOMMENDED that:

1. The petition for writ of habeas corpus, ECF No. 1, be GRANTED.

2. Respondent be ordered to immediately release petitioner (A-Number: 248-005-839) from its custody. Respondent shall not impose any additional restrictions on petitioner, unless that is determined to be necessary at a future pre-deprivation hearing. If the government seeks to re-detain petitioner, it must provide no less than seven days' notice to petitioner and must hold a constitutionally compliant pre-deprivation bond hearing before a neutral arbiter at which the government bears the burden of proving flight risk or danger by clear and convincing evidence. This order does not address the circumstances in which respondent may detain petitioner in the event petitioner becomes subject to an executable final order of removal.

3. The Clerk of Court be ordered to serve Central Valley Annex Detention Facility with a copy of this order.

4. The Clerk of Court be ordered to enter judgment accordingly and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within three days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within three days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: November 9, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE